Mr. Justice Nott
delivered the opinion of the court.
The first question to be decided In this case is, whether the small offset, represented by the short line M. G. should, he- fixed at the place represented in -tfie plat, or be extended to C. Ri If it should b'e fixed at M. G: the distance called for' in the original plat would extend only to IE — - The plat would then be closed by the line O. P. and would not embrace the defendant’s land. The- plaintiff’s grant Calls for Richburgh’s land, No’s l and 2. Both those tracts are bounded by straight lines ; but No. 9 projects over the other the distance of C. B. Now, we can discover no object in making the offset in that line of the plaintiff’s land, except to represent that • projection. I should therefore consider that a station to which the line should be extended, although it exceed the distance called for.— There is also another fact equally -conclusive; the line crosses a creek which must be considered a natural station ; and taking the distance from thence" laid down in the original plat, it extends to B, Í think, therefore, the line C. B. is well established. Taking the .courses and distances from them, as laid down in'the original plat, it will carry us to D. E. Then the question arises whether the lines shall be closed from E. or Whether the course shall be reversed as above stated ?
According to any theoretical rule of geometry, perhaps one method would be as correct as the other. But a rule of decision has long prevailed in this state, that in closing lines between conflicting grants, the method most favorable to the elder (ceterispdribtísJ should prevail, which is nothing more than a practical application of the common law rule, that a grant shall be construed most strongly against the grantor. The court are therefore satisfied with the verdict, and the motion must be refused.
Justices Huger, Gantt, Johnson and Richardson, con-cuvred¿